Núm. 7754.—SANTISTEBAN, apldo. *v.* P. R. RAILWAY, LIGHT & POWER Co., aplte.—C. D. Humacao. Junio 24, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Wolf.)

[5] Recurso de Revisión.

Por cuanto, se ha solicitado la desestimación del presente recurso fundándose en que el escrito de apelación se radicó después de haber transcurrido el término legal para apelar;

Por cuanto, de los autos se desprende que la sentencia apelada se dictó con fecha 24 de septiembre de 1937; que en 1º. de octubre de 1937 la parte perdidosa radicó una intitulada "moción sobre reconsideración de sentencia" en la cual solicitaba exclusivamente de la corte sentenciadora que: ". . . de acuerdo con el referido artículo 227 del Código de Enjuiciamiento Civil antes referido, exponga en la opinión unida a la sentencia dictada por esta Hon. Corte en 24 de septiembre del corriente año en el presente caso de una manera más detallada, clara y específica las conclusiones a que ha llegado, los hechos que consideró probados, las razones jurídicas y los motivos que tuvo el tribunal para dirimir el conflicto existente en la evidencia aportada por las partes tanto en cuanto a la causa del incendio y los actos que constituyeron la 'negligencia imperdonable' de la demandada, como en cuanto a los elementos y razones que tomó en cuenta para determinar el importe de los daños o valor de la propiedad destruída, exponiendo a qué testigos o a qué otra clase de evidencia dió crédito la corte para llegar a las conclusiones a que llegó en su opinión unida a la sentencia."

Por cuanto, la demandante apelante esperó hasta el 25 de octubre de 1937 para pedir el señalamiento de dicha "moción sobre reconsideración de sentencia," habiendo sido la misma señalada para el día 1º. de noviembre, fecha en que, después de oídas las partes, se declaró sin lugar, habiéndose radicado el escrito de apelación en 6 de noviembre de 1937;

Por cuanto, la parte apelada alega que de entender esta corte que la referida moción era una verdadera "moción de reconsideración" la misma no surtiría el efecto de interrumpir el término para apelar de acuerdo con la Ley núm. 67 de 1937 (Leyes de ese año, p. 199) por cuanto la misma fué "rechazada de plano"; y alega además que la moción radicada ante la corte inferior no era en realidad de verdad una moción de reconsideración de sentencia, pues no iba dirigida a la sentencia en forma alguna;

Por cuanto, de una lectura de la moción sobre reconsideración de sentencia tantas veces referida, se desprende claramente que no se argumentaba ni se solicitaba reconsideración, revisión o modificación alguna de la *sentencia* dictada por la corte inferior sino que meramente se le pedía una especificación de las conclusiones de hecho y derecho;

POR CUANTO, somos de opinión que no es ésta la "petición ex parte para la revisión o reconsideración de sus sentencia o resolución, haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basa la solicitud" a que se refiere la Ley Núm. 67, supra;

POR TANTO, entendemos que la misma no suspendió ni interrumpió término alguno y que por consiguiente debe desestimarse la apelación por falta de jurisdicción.

El Juez Presidente Sr. Del Toro no intervino.